**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **vs.** | * | **No. JKB-23-147** |
| **KARA GASPER** | * | |
| **Defendant** | * | |

**MOTION TO SEAL DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Kara Gasper, by and through her attorneys, John M. McKenna, and Brennan, McKenna & Lawlor, Chtd., respectfully submits the following. Motion to Seal Defendant's Sentencing Memorandum. Ms. Gasper respectfully requests that the Court accept her Sentencing Memorandum and supporting exhibits for filing under seal. In support of this Motion, counsel state the following.

1. On August 6, 2025, Ms. Gasper entered a guilty plea in this case. Sentencing is scheduled for July 8, 2026. In advance of sentencing, Ms. Gasper is submitting a Memorandum for the Court's consideration. In light of the information contained in the Memorandum and its supporting exhibits, Ms. Gasper respectfully requests that the Court accept these documents for filing under seal.

2. As Judge Hollander of this Court has observed, in this District, both "both defense counsel *and* the government routinely file motions to seal sentencing memoranda, and the motions are generally granted." *United States v. McComber*, No. ELH-21-036, 2024 U.S. Dist. LEXIS 96776, at *4 n.4 (D. Md. May 31, 2024)

1

(emphasis in original); *see also id.* at *14 n.8 ("Generally, as noted, both the defense *and* the government submit sentencing memoranda under seal, without objection . . . And, because of the personal information that is often included in a sentencing memorandum, sealing is customary.") (emphasis in original). However, "[a] sentencing memorandum is a judicial record that is presumptively accessible by the public." *McComber*, 2024 U.S. Dist. LEXIS 96776, at *24 (citing *United States v. Doe*, 962 F.3d 139, 146 (4th Cir. 2020); *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018)); *see also, e.g.*, *United States v. Bendann*, No. JKB-23-0278, 2025 U.S. Dist. LEXIS 4339, at *4 (D. Md. Jan. 8, 2025).

3.      It does not appear that the Fourth Circuit has definitively addressed whether a request to seal a sentencing memorandum is evaluated under the common law standard or the more rigorous First Amendment standard. In *Harris*, 890 F.3d 480, the Fourth Circuit analyzed the denial of a motion to seal a sentencing memorandum under the common law standard. *See also, e.g.*, *United States v. Bas*, No. JKB-16-0324, 2022 U.S. Dist. LEXIS 77927, at *5 (D. Md. Apr. 27, 2022) (noting that "sentencing memoranda are subject to the more limited presumption of access arising from the 'common law right to inspect and copy judicial records and documents'") (citing *Harris*, 890 F.3d at 492). However, in *Doe*, 962 F.3d at 146, the Fourth Circuit assumed without "conclusively decid[ing]," that the First Amendment standard applies to a request to seal materials filed in connection with

sentencing. A "sealing involving judicial records and documents can be accomplished without violating First Amendment rights only if (1) [sealing] serves a compelling interest; (2) there is a substantial probability that, in the absence of [sealing], that compelling interest would be harmed; and (3) there are no alternatives to [sealing] that would adequately protect that compelling interest." *McComber*, 2024 U.S. Dist. LEXIS 96776, at *23 (alterations in original) (citations omitted).

4.      Sealing is appropriate here for several reasons. The Memorandum and supporting exhibits contain sensitive information about Ms. Gasper and third parties. For example, the Memorandum discusses Ms. Gasper's physical and mental health history. The Memorandum also discusses Ms. Gasper's history of addiction. The Memorandum contains information about Ms. Gasper's family members, including her minor child. This information implicates the privacy interests of third parties. The Memorandum and exhibits also contain detailed information about Ms. Gasper's status as a victim of domestic violence and coercive control. Furthermore, the Memorandum contains non-public, sensitive information related to the investigation in this case. The public release of this information would expose sensitive materials concerning Ms. Gasper, her family members, and other third parties. Given the significant volume of sensitive information in the Memorandum and exhibits, there are no reasonable alternatives to sealing.

5.      Accordingly, Ms. Gasper respectfully requests that the Court accept her

Sentencing Memorandum and supporting exhibits for filing under seal.


Respectfully submitted,


/s/

_____

John M. McKenna
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044
jmckenna@brennanmckenna.com


## CERTIFICATE OF SERVICE

I hereby certify that on this day, May 13, 2026, a copy of the foregoing sent

via ECF to all parties.


/s/

_____

John M. McKenna


4