## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *

    **vs.**          *      **JKB-23-147**

KARA GASPER      *

    Defendant      *

### <u>MOTION TO WITHDRAW AS COUNSEL</u>

Attorney John M. McKenna of the law firm Brennan, McKenna & Lawlor, Chtd., respectfully requests that this Honorable Court strike his appearance and the appearance of his Firm as court-appointed counsel for Defendant Kara Gasper because privately retained counsel has entered an appearance on Ms. Gasper's behalf. In support of this Motion, counsel states the following.

1. On April 26, 2023, the Government filed a one-count Indictment charging Kara Gasper with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (ECF No. 1.) The charge at issue relates to the October 5, 2022 execution of a federal search warrant at Ms. Gasper's residence in Baltimore, Maryland. Ms. Gasper made her initial appearance on May 17, 2023. On October 17, 2024, the undersigned counsel was appointed to represent Ms. Gasper under the Criminal Justice Act.[1] (ECF Nos.

---

[1] Ms. Gasper had previously been represented by attorney Laura Abelson of the Office of the Federal Public Defender and then by attorney Natalie Finegar, who was appointed under the Criminal Justice Act. The undersigned counsel was appointed following an attorney inquiry hearing held on September 20, 2024.

39 and 40.) The undersigned counsel was *not* privately retained. On August 6, 2025, Ms. Gasper entered a guilty plea in this matter. Ultimately, sentencing was scheduled for July 8, 2026. On May 12, 2026, the Government filed its sentencing memorandum. On May 13, 2026, the undersigned counsel filed on Ms. Gasper's behalf a sealed sentencing memorandum and supporting exhibits.[2] (ECF Nos. 83, 84, 85.)

2.      On June 11, 2026, attorney Tony N. Garcia entered his appearance as retained counsel on behalf of Ms. Gasper. (ECF No. 87.) Consistent with the undersigned counsel's typical practice in cases in which the undersigned was appointed but the client subsequently retains new counsel, the undersigned counsel undertook efforts to transition the case file to newly retained counsel. To that end, the undersigned counsel confirmed that new counsel had been retained to represent Ms. Gasper in this matter and promptly began transferring (by email and by FedEx) case file materials to retained counsel.

3.      In light of the fact that Ms. Gasper has now retained counsel, there is no longer a need for the undersigned counsel to serve as court-appointed counsel in

---

[2] On May 13, 2026 at approximately 12:16 p.m., undersigned counsel's office sent via email to Chambers courtesy copies of Ms. Gasper's publicly filed motion to seal and proposed sealed documents consisting of Ms. Gasper's sentencing memorandum and exhibits. Government counsel was copied on that email. That same day, the Court issued an Order sealing Ms. Gasper's sentencing memorandum and supporting exhibits. (ECF No. 85.) Accordingly, the Government's recent statement that "Gasper has yet to file her sentencing memorandum" is not correct. (ECF No. 89 at 2.) However, the undersigned does not know whether retained counsel intends to file a supplemental or superseding sentencing memorandum.

this case. Accordingly, counsel respectfully requests that the Court permit him to withdraw from this matter.

4.      For these reasons, the undersigned counsel respectfully requests that the Court strike the appearance of the undersigned counsel and his Firm as court-appointed counsel on behalf of Ms. Gasper.

Respectfully submitted,

/s/

_____

John M. McKenna
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044
jmckenna@brennanmckenna.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 29, 2026, a copy of the foregoing was sent via ECF to all parties.

/s/

_____

John M. McKenna

3